Case No. 24-5800 Michael Hester v. Chester County, TN, at all. Argument not to exceed 15 minutes per side. Mr. Barnett, you may proceed for the appellant. Good morning. Good morning. Please proceed. May it please the court, my name is Charles Barnett and I represent Michael Hester in his Section 1983 claim for overdetention. We're asking the court today to reverse the district court's dismissal of his claims. At this time I'd like to request three minutes for rebuttal. This is a case about whether a sheriff's department can keep someone in prison for an additional 127 days on the basis of a misdemeanor sentence that they've already lawfully served. The district court erred in this case by framing this. I'm confused about that. I thought he had 10 more years. No, your honor. I thought he was supposed to be released in 2033. Your honor, so the misdemeanor was the sentence that the Chester County detainer hold was seeking to have held in order to serve. The Chester County misdemeanor ran concurrently with his felony charges. At the time that he was granted parole and coming up to his release date, he had already served the 11 months and 29 days for the misdemeanor charges. What about the other charges? He still had remaining time on his charges left, your correct guess. That seems pretty material to me. I mean, he still had 10 more years in prison. Yes, your honor. I realize he was granted parole, but he still had 10 more years potentially to serve. I think that's an important point in that what he was being paroled for was the felonies. And the sentence for the misdemeanor had already run at that point in time because he had been incarcerated for a number of years at that point. And since the misdemeanor sentences ran concurrently with the felony and that was the basis that the Chester County Sheriff's Department was issuing the detainer, they were issuing the detainer on the basis of a sentence that he had already served. Whereas he was granted parole by the parole board for the felony charges that he still had. Can you help me understand what a detainer is under Tennessee state law? I know a detainer in the immigration context. We couldn't figure it out. What is a detainer? I think that the regulations are a little bit unclear on this and it uses both the term detainer and detainer warrant. But essentially under Tennessee's parole scheme, the detainer is a hold that any other prison facility or any other jurisdiction that may believe that they have sentences that the inmate needs to serve, that they can have this detainer issued and they will hold them in the prison, presumably for them to come pick them up. And so when they issued the detainer, what was occurring is that Chester County was requesting that the Morgan County Correctional Facility hold Mr. Hester so that he could go and serve an additional sentence in Chester County. On the felony or the misdemeanor? On the misdemeanor. Where was the felony? I'm still a little confused on those two, but you can go on. So your honor, when he was sentenced for the felonies, he was sentenced to be to the custody of the Tennessee Department of Corrections. And so frequently in Tennessee what will happen is a prisoner will serve out the felony sentence under the custody of TDOC and then a detainer will be placed on him and they'll go and serve out a misdemeanor sentence if they have a misdemeanor sentence in the county jail. And so they were sending the detainer hold to have him held in order to be moved to the Chester County Jail for the misdemeanor charges. And so here that's why this isn't a parole case because his parole was granted by the parole board and it was never rescinded by the parole board. He's out on parole and was released from the same parole hearing. There's never a rescission or hearing or any kind of revocation. The parole board took no action. Well it's a parole case in the sense that he didn't fully serve out the time on the charge with respect to that he was being paroled on. So I guess your opposing counsel might argue that he didn't really have a liberty interest because he hadn't fully served the time sentenced in the judgment. Now what would you say about that? Yes your honor and I think that you're exactly right on that in that what occurred here is that you have an intervening third party that is asking to have him held for the misdemeanor charges that had already run concurrently. So the issue in this case for when Mr. Hester, if the actions of this case, if the facts were changed to that the parole board had rescinded his parole on the basis of the detainer warrant, there would be no constitutional violation for Mr. Hester because he does not have an entitlement to his parole until it's actually granted. A second point that we point to is that in the parole process, Tennessee's parole scheme has a point in it right before the prisoners to be released where they issue the certificate of parole. And under the Tennessee regulations, once the certificate of parole is issued and signed by the inmate, the parole is deemed granted. And Chester County's detainer came after the parole was deemed granted. And following that there was never... Can I ask you about that point? Because the parole certificate says that it's hereby paroled subject to the following conditions effective February 15. So the parole certificate seems to say it's effective a little bit later. You're saying it's effective immediately? No, you're not. It's deemed effective on the 15th, is what I'm saying. And that's significant because the parole board has the sole authority to determine parole in Tennessee. And so once he gets his certificate of parole and that's issued to him and it's signed and that date crosses, it's deemed effective without any other action of the parole board. I think it's significant that it's not the parole board that made this determination that he should remain in custody. So suppose during that interim period of time, so the parole is granted but effective in a certain date, but suppose in the middle of that time he beats up an officer, assaults an officer, kills an officer. He has to be paroled on the 15th even though he's committed some other crime during that period? No, your honor. No, he does not have to do that. The only issue... The parole board is not... That effective date isn't always honored. You're sort of arguing that that's sort of set in stone, can never be moved by anybody. There are things that could change that. Yes, your honor. There are definitely things that could change that. But I would submit it would be the parole board that would be the one making that decision. The parole board is not going to act that quickly. Are they going to act that quickly? The day before he's supposed to be paroled, he murders an officer. There's no way the parole board is going to get to that in a day. I do not know, your honor. That seems likely. I've worked in government. I'm going to say no. It can't be that that date is just solemn and it can never not be honored. Yes, your honor. But one of the things that's distinct here is that this isn't a matter of him committing some additional crime. I understand that. But your point, I thought, was that as soon as they announce it, even though it's effective later on, that's sacrosanct. It can It's a grand parole. It's not the same as somebody who's not on parole. He's technically still in custody. But there's a difference between being in custody and being actually out and being free. What he's got a right against is the intervention of a third party who doesn't have lawful authority under the Tennessee parole scheme to make parole decisions. The argument is that that conditional liberty interest attaches when the certificate of parole is given to him and signed. And that once that happens, he does get due process protections. They're limited. So let me ask you, is any erroneous detainer that gets lodged in going to result in a constitutional violation? Let's grant that it was erroneous. That, hey, this detainer should not have been placed on this particular person. Does that mean that there's going to be a constitutional violation every time that happens? I think the answer is no. But here, there's another fact that makes this distinct. In the complaint, we have alleged that this detainer was knowingly or recklessly issued. They knew that the misdemeanor sentence, the 1129, had already been served when they issued the detainer. And that these facts here are distinct from just a regular administrative error. I think that there's a case out of the middle district that's cited by the briefs called Chenner's. And it's illustrative of what's different between this case. Because there, the defendant wasn't alleging any kind of willful or reckless acts and was bringing the Section 1983 claims against the prison officials, not the entity that had placed the detainer. Do we need to look back at the Tennessee parole statute and see how it defines the circumstances of release of people who've been paroled as to whether the release should be immediate or the circumstances of how that's to be implemented? And if the statute doesn't provide that kind of definition, which I don't think the statute does, where would that leave us? Well, you're right. I think the answer is in the regulations. And I also see that my time has. Well, you can answer. The timing of it is in the regulations. And I don't know that I have the specific regulation with me. But I believe under the the parole release process, that if there's a detainer that's issued, that there's a 48-hour window, that it's assumed that the county or whatever other municipality or municipality jurisdiction that has the detainer will come and collect the inmate. All right. Thank you for your argument. Good morning, Your Honor. This may please the court. Nathan Tilley on behalf of Appalese. The district court's order dismissing Mr. Hester's claim should be affirmed for three main reasons. One, precedent is very clear that an inmate in Tennessee does not enjoy a liberty interest in parole. And because that's the case, a delay for Mr. Hester in being paroled by 127 days, as alleged in the complaint, just simply does not amount to a constitutional deprivation. Because he did not suffer a constitutional deprivation, he has no 1983 claim. Secondly, even if there was a question in this case about whether he suffered a constitutional deprivation, the fact that an appellant cannot point to any case that would suggest that a court has found that an inmate in Mr. Hester's position would have enjoyed a liberty interest, then the appellees are clearly entitled to qualified immunity. Third, to the extent there is a possibility that the court would say, well, maybe his constitutional rights were violated, the district court correctly found that appellant failed to plead sufficient facts pursuant to Iqbal and Twombly to set forth a Monell claim against the county. For those reasons, the court's order dismissing the claim should be affirmed. Was there any basis for the detainer? First of all, if you have anything to add about how detainers actually work in Tennessee, that's great, but also relatedly, was the detainer wrongly issued? Your Honor, I think that because this is a motion to dismiss, we will accept the allegations in the complaint that they have suggested it was wrongly issued. We have not gotten into the substantive facts of the case because this was a motion to dismiss and no answer your other question. The regulations, the parole regulations do specifically tell us what a detainer is. If you look at those regulations, it is going to explain that a detainer... Can I ask that you cite them in your brief, and if not, can you give us the site? I believe I cited some of the regs in the brief. Your Honor, I can give you the site. It's 1100-01-01-11. What that regulation tells us is that a detainer is a warrant or a hold placed against an inmate by another jurisdiction that notifies the holding facility of the intention to take custody of the individual when he or she is released. A detainer does not necessarily cause someone to be held longer. It just is a notification to the other jurisdiction, whatever jurisdiction is holding the inmate, that, hey, we are planning on taking custody of this inmate upon your release. I think practically the way that works in Tennessee is the jurisdiction holding the inmate would inform the jurisdiction that placed the detainer on the pick him up upon his release. If the foreign jurisdiction chooses not to, he is out. I think the important point here is issuing a detainer against Mr. Hester, whether it was fraudulent, not fraudulent, true or false, he did not enjoy a liberty interest in parole. That is well settled by this court. It's well settled by district courts throughout Tennessee. The regulations themselves support that because the regulations say parole is a privilege and not a right. Granting parole is discretionary. The regulations provide a list of factors that parole board may consider when granting parole, but then it says the parole board can come up with any other factors it chooses to consider at its discretion. Then the other thing the regulations say is after parole is granted, but before release, and this is 1100-01-01-09, subsection D, that before release, the parole board may choose to delay it, rescind it, reopen the case. Because that is true, that means that someone, even if they have been given a certificate that says your parole date is February 15, 2023, because the parole board has absolute discretion to change that date, to delay it, to reopen the case before he's released, there's no liberty interest. That is why every court that's ever looked at this question, as far as I know, since 1985, has found there is no liberty interest in parole in Tennessee. And this case, the Supreme Court in Jago v. Van Curren, I know we've cited that case, your honors, that was a Supreme Court case that considered Ohio's parole scheme. The facts are so similar to this case, though, because in that case the inmate had received an order from the parole board in Ohio that said you are to get out on this date. It had been decided. But before he was released, the parole board learned information that he had lied. And so they changed their mind and they rescinded his parole. He filed suit and argued, my due process rights were violated. I didn't get to have a hearing to explain that I didn't lie or to explain what my statements were or to give any explanation, any testimony. But the Supreme Court said, yes, but you did not have a constitutional right to parole because there was absolute discretion, even after you'd received that order from the parole board, that you were going to be released on this date for the parole board to change its mind. And because there was absolute discretion in the parole board, there's no liberty interest that attaches. We got reversed in that case, right? The Sixth Circuit did get reversed in that case, your honor. Yes, they did. And I think it's interesting that after Jago, that Tennessee actually changed its parole scheme after Jago to make clear that it was discretionary. Because before Jago, the parole scheme in Tennessee was a little different. But after that decision by the Supreme Court, the Tennessee legislature changed it. And then, like I said, I believe it was an 85 or an 86 case that this court found because of that change, Tennessee's parole scheme no longer provides a liberty interest in parole to inmates. Now, I think there's another issue that's floating out there that I think is important. Mr. Hester was never in the custody of County, as it relates to this incident. He was in the custody of the Tennessee Department of Correction. Under Tennessee law, there is only one entity... Physically, he was in Madison County? No, he was at... Morgan County? Morgan County. Yeah, Morgan County Correctional Complex, which is run by the Tennessee Department of Correction. That is not run by a county entity. So, under Tennessee law, there's only one entity that can decide whether to parole or not to parole, whether to parole or to delay parole. That is the parole board. Issuing a detainer does not act as a court order to delay parole. That's not what it does. It just informs the other So, in this case, it's not clear from the complaint how this delay in his parole actually occurred. It's one of two scenarios. Either the parole board did delay it, or Bledsoe County's warden or jail officials or whoever who's in charge over there chose not to release him. Which county? Bledsoe? Yes, I believe it was Bledsoe County. Oh, it's Morgan. Or Morgan County Prisons in Tennessee that I deal with? Yes. You're saying either the parole board could have changed, could have done something, could have acted, or the facility run by TDOC that was holding him could have made some decision? Correct. The important point there is that's not Chester County. They're not the ones who chose to hold him. So, even if this court found, well, maybe there is a liberty interest, that's not on Chester County. All they did was issue a detainer. The violation of the constitutional right would be him being held too long if you believed he had a liberty interest. But Chester County is not the one who was holding him too long. That's the state of Tennessee. And so they either did that on their own volition or they did that pursuant to the parole board's order, which the parole board has every right to do. But either way, that's not Chester County. And so there could not be liability on Chester County for those actions. Your Honor, I think the other important point, going back to Jago. In Jago, the inmate plaintiff actually suffered a much more grievous loss than Hester did. Because in Jago, his parole was actually rescinded. He lost it. He didn't get to go on parole. In this case, Hester just suffered a delay. That's simply all it was. It was a delay of 121 days or 127 days, whatever it was. But he still got paroled. I think that the case precedent says there's just not a liberty interest in that. Because of the discretion that's afforded to the parole board in Tennessee, the statutory scheme, the regulatory scheme, there's not a liberty interest. So Mr. Hester did not suffer a constitutional rights violation. Moving on to qualified immunity, the burden is on the plaintiff to show a case that would place the individual defendants on notice that they would know, that a reasonable officer in their actions could violate constitutional rights. Appellant has not done that here. There is no case that would suggest a foreign jurisdiction issuing a detainer on someone who is incarcerated by somebody else, that that could result in a constitutional rights violation. There's nothing that suggests that. There's nothing that shows that. So even if this court were to find maybe there's a constitutional rights violation, again, I would just reiterate that qualified immunity applies to the individual defendants. And then lastly, is it... Can I just ask you one other question?  Your friend on the other side helped me understand what I think was happening. The detainer applied explicitly to the misdemeanor. Correct. And the parole grant was on the felony or the other, the longer sentence. Correct. And so the parole was granted on the longer sentence. The misdemeanor time did expire? Yes, that's the allegation of your point. Yes, yes. So there was... The allegation in the complaint is that the defendants, Chester County, issued this detainer on a misdemeanor charge because they believed that he still owed them time on the misdemeanor charge. They only have authority to issue it on the misdemeanor charge as opposed to the felon? Right, right. Because the felon... Yes. Because... Yes. Because... So the allegation in the complaint is that his time served was supposed to be concurrent on the felony and the misdemeanor. So while he was serving the felony in prison, he served time on the misdemeanor, whereas the Chester County defendants incorrectly determined that it was consecutive. So that they thought, okay, he served time on the felony, now he owes us $1,129 because it's consecutive, when in actuality, according to the allegations in the complaint, that time was served concurrently. Because in Tennessee, unless there's an agreement between the county jail and the state, felonies are going to almost always be served in a state prison. Misdemeanors will be served in a local jail. And the point was that there was confusion about whether it was consecutive or concurrent. Does that answer your question, Your Honor? I think so. Okay, okay. Lastly, as it relates to Minnell, the district court correctly found that there were simply no facts actually pledged to support a Minnell claim. There were conclusory allegations at the end of the complaint. There were no actual facts to support a finding that a policy, custom, or procedure of Chester County led to this alleged constitutional deprivation. So in conclusion, we would just point that even if this court found there's an issue about a constitutional rights violation, the district court's order dismissing the claim should still be affirmed for the individual's defense on qualified immunity and for the county for a failure to meet Iqbal Twombly standards in pleading a Minnell claim. That's one last question I don't want to take all the time. You're making the point that maybe they should have sued officials tied to the Mercer County facility, which is a state-run facility. Well, they had claims against state officials that they dismissed. That's correct. They did. And in fact, if you look at the complaint, Your Honor, they even acknowledge who wrongfully detained him, and it was the state officials. That's paragraph 46 of the complaint. So the complaint itself acknowledges that it was the state officials that were holding Mr. Hester. It was not Chester County. They dismissed those claims. Those claims, they voluntarily dismissed those claims before the court issued a ruling on the motion to dismiss. I see I'm out of time. Thank you, Your Honors. Thank you. Any rebuttal? Yes, Your Honor. I don't want to take all your time, but can I ask you about the dismissal of the state claims? Yes, about me? Yeah. You mean the defendants? Yeah. Yes. I think that is actually an excellent point, and I think that one place that I would point the court to look at this is Judge Waverly's opinion in the Chenner's case, in that the reason that the state has been dismissed out of this is because, as Chester County has pointed out exactly, it is the parole board and the parole board's sole discretion to grant parole. And that here, part of why we dismissed them is that they're not the ones that are acting on the basis of the misdemeanor. And if had they decided, had they made these decisions, Michael Hester would have no recourse. He would have nothing. I thought your friend on the other side was making the point that he's being held in a state facility, and the actual holding, the holding too long, occurred because the state officials at Mercer County, is that right? Morgan County held him too long, were the actual wrongdoers. They were told by a sheriff somewhere else, there's a detainer, but they were the actual ones who held him too long. And they had the discretion to decide, that's all the state, they had the discretion to decide whether to let him go or not, and they didn't let him go. Yes, you're right. So in the Chenner's case, the prisoner, he was held, and there was an error in the interstate database. And coming out of South Carolina, showing him having a detainer for a felony in South Carolina, and it popped up last minute, and his parole, he was not paroled. It turned out that this detainer out of South Carolina, there was an administrative error, and that they didn't want him, and all of that. And then he filed a lawsuit in federal court, and he named the TDOC and the prison officials, and sued them for his over-detention. And much like here, what the district court, you know, what their analysis of it, they point out that from what he pled is that these prison officials, they're trying to what was going on, and how to get him out. And that they note that he wasn't naming as a party South Carolina, who's the one that has caused him to be held. And so here, the fact that the prison and the parole board, you know, haven't acted, isn't them doing it. It's the act of Chester County. And I believe that's all my time. So, I actually do have one last question, because I don't think that you've got to address this on the front end. Counsel points out that it is the plaintiff's responsibility to show that there's a clearly established law establishing this liberty interest, or this right. What is your best case that demonstrates that this right is clearly established? I would submit that, in this circuit's jurisprudence, is that it's Shorts versus Bartholomew. And that the parole is actually, it's just a red herring. That this is all really about the misdemeanor sentence, and that he's already served the misdemeanor sentence. And that Shorts involved probation or parole? It did not. I don't believe it involved either. It is just that you've got the right to not be held on a sentence that you've already served. Well, he hadn't served a sentence, though. He still had 10 more years on his sentence. Two more years on the felony charges. The misdemeanors that he's being detained for, he'd already served the full sentence of. And, in fact, had to have served the full sentence on the misdemeanors in order to be eligible for parole on the felonies. That circles us back to the state was holding him. Yes, Your Honor. Gotcha. Thank you for your argument, and the case is submitted.